# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4735-16T4
               A-4736-16T4

NEW JERSEY DIVISION OF CHILD
PROTECTION AND PERMANENCY,

    Plaintiff-Respondent,

v.

E.B. and M.B.,

    Defendants-Appellants.

_____

IN THE MATTER OF THE GUARDIANSHIP
OF K.B.,

    A Minor.

_____

Submitted May 23, 2018 – Decided June 15, 2018

Before Judges Koblitz, Manahan, Suter.

On appeal from Superior Court of New Jersey,
Chancery Division, Family Part, Camden County,
Docket No. FG-04-0146-17.

Joseph E. Krakora, Public Defender, attorney
for appellant E.B. (Dianne Glenn, Designated
Counsel, on the brief).

Joseph E. Krakora, Public Defender, attorney
for appellant M.B. (Louis W. Skinner,
Designated Counsel, on the brief).

Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa H. Raksa, Assistant Attorney General, of counsel; Jennifer A. Lochel, Deputy Attorney General, on the brief).

Joseph E. Krakora, Public Defender, Law Guardian, attorney for minor (Caitlin McLaughlin, Designated Counsel, on the brief).

PER CURIAM

Defendants E.B. (Erin) and M.B. (Martin) appeal from a June 21, 2017 Family Part order terminating their parental rights to their son K.B. (Kyon), who was one year old at the time of the guardianship trial.[1] Their appeals have been consolidated. The law guardian supports the termination. We affirm substantially for the reasons stated by Judge Francine I. Axelrad in her thorough oral opinion.

The evidence is outlined in detail in the judge's opinion. A summary will suffice here. Kyon was born in 2016 and tested positive for marijuana at birth, as did his mother, Erin. He was immediately removed and placed with a relative, and is now in the care of his maternal aunt, who has adopted his three older siblings. The parents voluntarily surrendered their rights to the

---

[1] Pursuant to Rule 1:38-3(d)(12), we use initials and pseudonyms to refer to the parties.

three older children in November 2015.[2]  Kyon was thriving in the home and had no special needs.

The Division of Child Protection and Permanency (Division) was involved with the family beginning in 2012.  Erin had trouble providing sufficient food or a habitable home for the older children.  Although she completed parenting classes in 2014, she was unable to comply with numerous drug and home-making services. She repeatedly tested positive for marijuana and PCP, and was diagnosed with severe psychiatric disorders.

Martin had experienced a history of strokes.  The Division's expert found "evidence of significant cognitive limitations that are expected to interfere with safe and effective parenting." Another Division expert found that his "neurocognitive deficits" rendered him unable to parent alone. He also suffered from various psychiatric disorders.  A third Division expert found that Erin and Martin were unable to compensate for each other's parenting deficits. They also had a history of domestic violence.

One of the Division experts opined that Kyon was not securely bonded to his parents, and after two months with his current caretakers had begun to form a secure bond living with them and his siblings. Although both parents testified, they presented no

---

[2]  Martin is not the father of the oldest child.

expert evidence. Erin was unable to control her anger in the courtroom.

In her comprehensive opinion, Judge Axelrad found the Division had proven all four prongs of the best interests test, N.J.S.A. 30:4C-15.1(a), and that termination of defendants' parental rights was in the child's best interests. On this appeal, our review of the trial judge's decision is limited. We defer to her expertise as a Family Part judge, Cesare v. Cesare, 154 N.J. 394, 412 (1998), and we are bound by her factual findings so long as they are supported by sufficient credible evidence. N.J. Div. of Youth & Family Servs. v. M.M., 189 N.J. 261, 279 (2007) (citing In re Guardianship of J.T., 269 N.J. Super. 172, 188 (App. Div. 1993)). After reviewing the record, we conclude that the trial judge's factual findings are fully supported by the record and, in light of those facts, her legal conclusions are unassailable.

Martin contends that the trial judge erred in considering evidence of the parents' history with the older children based on the Division's files. Defendant also asserts that the judge erred in finding that he harmed Kyon, because Kyon never lived with his parents and suffered no known ill effects from the marijuana in his system at birth. Erin argues that the Division did not prove all four prongs by clear and convincing evidence. Those arguments

are without sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(1)(E).

We note only that "proof of abuse or neglect of one child" is "admissible evidence on the issue of the abuse or neglect of any other child . . . ."  N.J.S.A. 9:6-8.46(a)(1).  "Courts need not wait to act until a child is actually irreparably impaired by parental inattention or neglect."  In re Guardianship of D.M.H., 161 N.J. 365, 383 (1999).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4735-16T2